IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
DEC 0 2 2013
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| STANFORD ALLEN LEWIS, JR, <br><br> Plaintiff, <br><br> vs. <br><br> EXTRADITION TRANSPORT OF AMERICA, <br><br> Defendant. | CV 13-00138-M-DWM-JCL <br><br><br> ORDER |

Pending are Plaintiff Stanford Lewis's Motion for Default Judgment (Doc. 22), Motion to Appoint Receivership (Doc. 23); and Motion to Enforce Judgment and Appoint Receivership (Doc. 24). The Court views the referenced motions as a request for entry of default and request for entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Rule 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed.R.Civ.P. 55(a). On October 24, 2013, the Court directed the United States Marshal's Service to personally serve Defendant Extradition Transport of America. (Doc. 13.) On November 8, 2013, the Marshal's Service filed proof of

1

service indicating the Complaint was served on the Billy Gene Taylor, Jr. at Extradition Transport of America on November 4, 2013. (Proof of Service, Doc. 21 at 2.) As indicated on the summons, Defendant had 21 days after service of the summons to file a responsive pleading. (Summons, Doc.14.) No responsive pleading has been filed. Accordingly, the Clerk of Court will be directed to enter default.

Rule 55(b) then requires the Court to decide whether to award a default judgment. Lewis alleges Defendant violated his Fourteenth Amendment Due Process rights when it failed to provide the minimal civilized measure of life's necessities in deliberate indifference to his safety during a prisoner transport from Arizona to Missoula, Montana in May 2013. (Complaint, Doc. 2 at 6.). Read liberally, the Complaint alleges violations under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a).

The Ninth Circuit has set forth the following factors for a district court to consider before exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

2

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Here, it will be presumed that Lewis will suffer prejudice because Defendant refused to respond to the Complaint and without a default judgment Lewis would have no recourse for a recovery. The Court has already considered the sufficiency of the Complaint and there is no indication that default was due to excusable neglect because Defendant still has not responded. Therefore, the first, third, and sixth factors have been met.

However, Lewis has given no information regarding the merits of his claim, the amount of his damages, or the possibility of a dispute concerning material facts. In the absence of liquidated damages or damages capable of mathematical calculation, a hearing is necessary to determine the amount of a default judgment award. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)("it is well settled that a default judgment for money may not be entered without a hearing unless the amount claims is a liquidated sum or capable of mathematical calculation." (citation omitted)). Here, Lewis's claimed damages are neither liquidated nor capable of mathematical calculation. A hearing is therefore necessary. The Court will schedule a hearing at which Lewis may present testimony regarding the sum of money sought, the merits of his claims, and the possibility of a dispute concerning material facts.

Lewis has also filed a Motion to Appoint Receivership and attached a

durable general power of attorney. (Doc. 23.) The motion will be denied. To the extent Lewis wants Loretta Russell (the individual to whom Lewis gave power of attorney) to collect on any judgment that may be awarded by the court, that is a process that Lewis must work out on his own. This Court will not be involved in the collection of a judgment issued from this Court. Therefore, Lewis's motion to enforce the judgment will also be denied.

Lewis must also be advised that he cannot have Loretta Russell act on his behalf in this action. A statutory power of attorney cannot authorize Ms. Russell to sign and file documents with the Court on Lewis's behalf. Unless Ms. Russell is a member of the Bar of this Court, she may not sign documents for Lewis in this action.

Based on the foregoing, the Court issues the following:

## ORDER

1. Lewis' Motion for Default Judgment (Doc. 22) to the extent he is requesting entry of default is granted. The Clerk of Court is directed to enter the default of Defendant Extradition Transport of America.

2. A hearing shall be held on Lewis's Motion for Default Judgment at 10:00 a.m. on January 9, 2014 at the Russell Smith Courthouse in Missoula, Montana.

3. No later that December 16, 2013, Lewis shall file a notice with the Court indicating that he has made arrangements on his own to appear at the January 9, 2014 hearing or that he wishes to appear by video conferencing.

4. Lewis's Motion to Appoint Receivership (Doc. 23) is denied.

5. Lewis's Motion to Enforce Judgment and Appoint Receivership (Doc. 24) is denied.

6. Plaintiff must keep the Court advised of any change of address.

DATED this 2nd day of December, 2013.

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge