IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STANFORD ALLEN LEWIS, JR,<br><br>Plaintiff,<br><br>vs.<br><br>EXTRADITION TRANSPORT OF AMERICA,<br><br>Defendant. | CV 13-00138-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Stanford Lewis, a pro se prisoner currently incarcerated in the Missoula County Detention Facility, has sued Defendant Extradition Transport of America ("Extradition Transport") pursuant to 42 U.S.C. § 1983 for injuries he allegedly suffered when he was transported from Arizona to Montana in May 2013. The United States Marshals Service personally served the Complaint on Extradition Transport on November 4, 2013 (Proof of Service, Doc. 21 at 2), but it failed to file an answer or otherwise respond. Default was entered on December 2, 2013. (Doc. 26.) A hearing was held on January 9, 2014 on the matter of default judgment. Lewis appeared pro se at the hearing. Extradition Transport did not appear.

**A. Jurisdiction**

Before considering the merits of default judgment, the Court has an

affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

Lewis alleges violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983. As such, the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The Court also has personal jurisdiction over Defendant. "When subject matter jurisdiction is premised on a federal question, a court may exercise specific jurisdiction over a defendant if a rule or statute authorizes it to do so and the exercise of such jurisdiction comports with the constitutional requirement of due process." *AT & T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 589 (9th Cir. 1996). Federal Rule of Civil Procedure 4(k)(1)(A) provides that "serving a summons . . . establishes personal jurisdiction over a defendant [ ] who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed.R.Civ.P. 4(k)(1)(A). Therefore, to determine whether jurisdiction is authorized, the Court must consider Montana's long-arm statute.

Rule 4(b)(1) of the Montana Rules of Civil Procedure, permits the exercise of personal jurisdiction to the maximum extent permitted by federal due process. *Davis v. American Family Mutual Ins. Co.*, 861 F.2d 1159, 1161 (9th Cir. 1988) (*citing Decker Coal v. Commonweath Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986); *State of North Dakota v. Newberger*, 188 Mont. 323, 613 P.2d 1002, 1004 (Mont. 1980)). Where the state and federal limits are coextensive, the jurisdictional analyses under state law and federal due process are the same. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Accordingly, the analysis before the Court collapses into one: whether the exercise of personal jurisdiction comports with due process. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1123 (9th Cir. 2002).[1]

Due process requires "that in order to subject a defendant to a judgment in

---

[1] The Federal Circuit has noted that when a federal court's subject matter jurisdiction is based on federal question jurisdiction, 28 U.S.C. § 1331, rather than diversity jurisdiction, 28 U.S.C. § 1332, the Due Process Clause of the Fifth Amendment, rather than the Due Process Clause of the Fourteenth Amendment, governs the court's assertion of personal jurisdiction. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1350 (Fed.Cir. 2002). *International Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny were decided under the Due Process Clause of the Fourteenth Amendment. *See id.* at 311. Nonetheless, the Federal Circuit applies the standards developed in *International Shoe* and its progeny to Fifth Amendment due process cases arising under federal law. *Deprenyl Animal Health*, 297 F.3d at 1350.

personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Personal jurisdiction can be either general or specific. General jurisdiction exists and permits the court to hear all claims against a defendant "when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011) (internal quotations omitted). There is insufficient evidence to establish that Extradition Transport maintains such a presence in Montana that general jurisdiction exists.

Specific jurisdiction exists when a defendant has sufficient minimum contacts with the forum state to warrant the exercise of jurisdiction. The Ninth Circuit Court of Appeals has established a three prong test for determining the existence of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (*quoting Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Lewis has established that Extradition Transport was transacting the business of transporting prisoners in the state of Montana. The company purposefully availed itself of the privilege of conducting activities in Montana; Lewis's claims, arise, at least in part, from actions committed in Montana; and the exercise of jurisdiction is reasonable.

Accordingly, the Court has both subject matter and personal jurisdiction.

**B. Default Judgment**

The Ninth Circuit has set forth the following factors for a district court to consider before exercising its discretion to award a default judgment:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In its prior Order, the Court found that the first, third, and sixth factors have been met. (Doc. 25.) In addition, there is no indication that Extradition Transport's default is due to excusable neglect or that the material facts are subject to dispute since Extradition

Transport has not presented a defense or otherwise communicated with the Court. Furthermore, even though strong public policy favors decisions on the merits, *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985), it does not appear that litigation of the merits will be possible due to Extradition Transport's refusal to litigate.

The factual basis of Lewis's substantive claim is as follows: Lewis was arrested in Arizona on a warrant issued out of Missoula County for felony sexual intercourse without consent. For a six-day period ending on May 27, 2013, Lewis was transported from Florence, Pinal County, Arizona to the Missoula County Detention Center by two employees of Defendant Extradition Transport. He was transported in a van with nine prisoners in total: five males and four females, one of which was pregnant. Lewis was the first prisoner to be picked up and the last to be dropped off. The van traveled through fifteen states. Starting in Arizona, the van traveled to New Mexico, Texas, Louisiana, Mississippi, Alabama, Tennessee, Kentucky, Illinois, Missouri, Arkansas, Oklahoma, and then back through Texas, New Mexico, Arizona, California, Idaho, Nevada, Idaho and Montana.

During the six-day transport, Lewis was shackled continuously, he was not allowed to shower, not given proper hygiene, and was denied access to a restroom for up to eight hours at a time. There was no ventilation in the van. Lewis was

6

given a small snack like a muffin and some water three times a day. On or about May 25, 2013, Lewis and the seven other inmates being transported were told to urinate in paper cups. When doing so, Lewis soiled himself and had to sit in soiled clothes for three days. The prisoner next to Lewis also had soiled clothing. The transport did not stop at any jail or other related facility to allow an opportunity for shower, sleep, or rest during the six-day transport. Lewis alleges Extradition Transport acted under color of state law for purposes of § 1983 based upon the company's contract with Missoula County Jail. (Doc. 2 at 7-8.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the United States Constitution or the laws of the United States was violated, and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Although Extradition Transport is a private company, it was performing an "exclusive government function," something it could not have done without authorization from the state. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). Therefore, it will be presumed that Extradition Transport was operating as a state actor in this situation. *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71 n. 5 (2001) ("state prisoners . . . already enjoy a right of action against private correctional providers

under 42 U.S.C. § 1983").[2]

Based upon the exhibits to Lewis's Motion for Summary Judgment, it appears that Lewis was serving a three-year sentence in the Arizona Department of Corrections prior to his transfer. (Doc. 5-1 at 5.) However, it is presumed that Lewis is a pretrial detainee at the Missoula County Detention Center. As a convicted prisoner, Lewis's claims arise under the Eighth Amendment of the United States Constitution. As a pretrial detainee, Lewis's claims arise under the Fourteenth Amendment. However, "even though the pretrial detainees' rights arise under the Due Process Clause, the guarantees of the Eighth Amendment

---

[2]Various district courts have allowed plaintiffs to proceed in claims brought pursuant to § 1983 against private corporations that provide prison transport services. *See, e.g., Schilling v. TransCor America,* LLC, 2008 WL 3463510 (N.D. Cal. Aug. 11, 2008)(allowing constitutional claims against private transport company to proceed without deciding state action issue); Dailey *v. Hunter*, No. 04-392, 2006 WL 4847739 (M.D.Fla. March 22, 2006) (plaintiff sufficiently pleaded that the defendant transport company acted under color of state law for § 1983 purposes based on the transport company's alleged contract for prisoner transportation with county jail); *Irons v. TransCor America, Inc.*, No. 01-4328, 2006 WL 618856 (E.D.Pa. March 9, 2006) (denying summary judgment in § 1983 action because there existed a genuine issue of material fact as to whether the defendant transport company was a state actor since private prison companies obtain custody over prisoners only by way of state authorization and plaintiff established that "defendants exercised control over him comparable to incarceration"); *Wine v. Dep't of Corrs.*, No. 00-C-704-C, 2000 WL 34229819 (W.D.Wis. Dec. 27, 2000) (finding that it would be inappropriate to dismiss transport company as a defendant in § 1983 action because plaintiff had alleged facts sufficient to proceed against the transport company as a state actor).

8

provide a minimum standard of care for determining their rights." *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *Id.* at 834. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citation omitted).

To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as adequate shelter, food, clothing, sanitation, medical care, and personal safety); *see also Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) ("in considering whether a prisoner has been deprived of his rights, courts may consider the length of time that the prisoner must go without these benefits . . . The longer the prisoner is without such benefits, the closer it becomes to being an

unwarranted infliction of pain.").

Lewis testified to deplorable conditions during his transport. Given the duration of these deprivations, the Court finds that Extradition Transport was deliberately indifferent to Lewis's safety and he was denied "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. 298. Lewis's well-pleaded allegations regarding liability, which are taken as true in light of the Clerk's entry of default, are sufficient to entitle Lewis to damages.

The Court should enter default judgment.

As a result of the transport, Lewis suffered wrist and ankle swelling and bruising, an open wound abrasion on his wrist which required antibiotic ointment, stress, anxiety, and mental anguish. He testified that he now has a bladder control problem which causes him to have to use the restroom four to five times a night. This condition becomes painful when he is not able to use the restroom frequently. He has not, however, sought treatment for this injury.

Lewis's Complaint requested $75,000.00 in compensatory damages and attorney's fees in the event that counsel was obtained or appointed. (Complaint, Doc. 2 at 9.)[3] The evidence presented by Lewis at the hearing clearly justifies the

---

[3]Lewis's oral motion to amend the relief requested section of his Complaint has been withdrawn. (Doc. 39.)

requested damages award of $75,000.00. As no attorney has appeared in this action, the request for attorneys fees should be denied.

Accordingly, the Court issues the following:

## RECOMMENDATION

Default judgment should be granted in favor of the Plaintiff in the amount of $75,000.00.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 13th day of January, 2014.

                                            /s/ Jeremiah C. Lynch
                                            Jeremiah C. Lynch
                                            United States Magistrate Judge

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.